**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1504**

ROMAN MARKETY JINO,

Petitioner,

versus

MICHAEL B. MUKASEY, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A97-596-222)

Submitted: January 31, 2008      Decided: February 8, 2008

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Alan M. Parra, LAW OFFICE OF ALAN M. PARRA, ESQUIRE, Silver Spring, Maryland, for Petitioner. Peter D. Keisler, Assistant Attorney General, Linda S. Wendtland, Assistant Director, Joseph D. Hardy, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roman Markety Jino, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's order denying her applications for asylum, withholding from removal, and withholding under the Convention Against Torture ("CAT"). We deny the petition for review.

The Immigration and Naturalization Act ("INA") authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2000). The INA defines a refugee as a person unwilling or unable to return to her native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000). An applicant can establish refugee status based on past persecution in her native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2006). Without regard to past persecution, an alien can also establish refugee status based on a well-founded fear of persecution on a protected ground. Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004).

An applicant has the burden of demonstrating her eligibility for asylum. 8 C.F.R. § 1208.13(a) (2006); Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006). A determination regarding eligibility for asylum is affirmed if

supported by substantial evidence on the record considered as a whole.  INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).  This court will reverse the Board "only if the evidence presented . . . was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution."  Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks and citations omitted).

We find after reviewing the record that substantial evidence supports the Board's denial of Jino's requests for asylum, withholding from removal, and relief under the CAT.  Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED
